IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT C. LADE JR., | ) | 8:08CV420 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HALL COUNTY, NE, CITY OF | ) | |
| GRAND ISLAND, STATE OF | ) | |
| NEBRASKA, and UNITED STATES | ) | |
| GOVERNMENT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on September 19, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on September 19, 2008, against four Defendants, Hall County, Nebraska, the City of Grand Island, Nebraska, the State of Nebraska and the United States. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are difficult to decipher. However, Plaintiff generally alleges that "a cell phone tower," located in Grand Island city hall, is really a "weapon" that "can [e]mitt [sic] sound outside of [n]ormal tenacies [sic]." (*Id*. at CM/ECF p. 2.) Plaintiff alleges this "weapon" is used for "[g]enocide and murder" as part of a "world wide conspiracy." (*Id*.) Plaintiff wishes to "find out who portrayed this type of absurdity" and believes Defendants may know who built the machine. (*Id*. at CM/ECF p. 3.)

Plaintiff seeks a "cease and decist [sic] order to cease and decist [sic] the machine [e]ntirely." (*Id*. at CM/ECF p. 3.) Plaintiff also seeks monetary relief in the form of $200,000,000.00 "tax fee dollars." (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint. As set forth above, the Complaint is difficult to decipher and is largely nonsensical. The allegations which the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible and are, at best, frivolous. In short, Plaintiff does not allege

that he was deprived of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In fact, the only allegation Plaintiff makes against Defendants is that they "may have information" about who built the machine, which Plaintiff claims is a weapon. (*Id.* at CM/ECF p. 3.) Thus, Plaintiff's Complaint is frivolous, and does not include "sufficient facts to support the claims advanced." *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

      IT IS THEREFORE ORDERED that:

      1.    Plaintiff's Complaint (filing no. 1) fails to state a claim upon which relief may be granted and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2).

      2.    All pending motions are denied as moot.

      3.    A separate judgment will be entered in accordance with this Memorandum and Order.

November 12, 2008.                    BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge